UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br>CDCR #G-39318<br><br>         Plaintiff,<br><br>vs.<br><br>D. PARAMO, Warden, et al.,<br>         Defendants. | Case No.: 3:16-cv-02931-BTM-KSC<br><br>**ORDER:**<br><br>**1) DENYING DUPLICATIVE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AS MOOT**<br>**[ECF No. 29]**<br><br>**2) DIRECTING DEPUTY ATTORNEY GENERAL TO PROVIDE DEFENDANTS' FORWARDING ADDRESSES IN CONFIDENTIAL MEMO TO U.S. MARSHAL IN ORDER TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>**AND**<br><br>**3) GRANTING REMAINING DEFENDANTS' EX PARTE MOTION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**<br>**[ECF No. 33]** |

  RICHARD ARMENTA ("Plaintiff"), currently incarcerated at California State Prison-Los Angeles County, is proceeding pro se and in forma pauperis ("IFP") in the civil rights action filed pursuant 42 U.S.C. § 1983.

1

## I. Procedural History

On July 21, 2017, the Court granted Plaintiff leave to file an Amended Complaint, denied Defendant Covel, Frost, Lopez, Paramo, Salinas, Sanchez, Stratton, Williams, and Zamora's pending Motion to Dismiss his original Complaint without prejudice as moot in light of Plaintiff's anticipated amendment, and cautioned Plaintiff of his need to properly serve two remaining parties (Murphy and Wiley). *See* ECF No. 23. On August 7, 2017, the Court further granted Plaintiff an additional 60 days leave from the date his Amended Complaint was filed to serve Defendants Murphy and Wiley, should he choose to re-name them as parties. *See* ECF No. 28.

On August 18, 2017, Plaintiff filed yet another copy of his previously granted Motion for Leave to Amend (ECF No. 29), together with his Amended Complaint (ECF No. 30). Plaintiff's Amended Complaint re-alleges Eighth and Fourteenth Amendment due process claims as to all previously named Defendants, including Wiley and Murphy. (*Id.* at 2-4.)

On August 23, 2017, having been served with Plaintiff's Amended Complaint, counsel for Defendants Covel, Frost, Lopez, Paramo, Salinas, Sanchez, Stratton, Williams, and Zamora filed an ex parte Motion for Extension of Time in which to file their responsive pleading (ECF No. 33). Defendants request additional time, in part, in order to give Plaintiff additional time to serve Wiley and Murphy via the U.S. Marshal, and also to permit them the opportunity to properly review Plaintiff's 76-page Amended Complaint and to prepare and file one "uniform" and non-duplicative responsive pleading as to all named and served parties. (*Id.* at 2.)

## II. Plaintiff's Motion for Leave to Amend

Plaintiff filed what appears to be a photocopy of his previous Motion for Leave to Amend (ECF Nos. 20, 29) together with his Amended Complaint (ECF No. 30), despite the fact that the Court had already granted him leave to amend (ECF No. 23). Because no further leave to amend is required, and Plaintiff's Amended Complaint has already been timely filed, his subsequent duplicate Motion is DENIED as moot and unnecessary.

### III. U.S. Marshal Service

As noted above, the Court has also granted Plaintiff an additional 60 days leave from the date his Amended Complaint was filed on August 18, 2017, to re-attempt service via the U.S. Marshal upon Defendants G. Murphy and G. Wiley pursuant to FED. R. CIV. P. 4(m). *See* ECF No. 28 at 2. In his Amended Complaint, Plaintiff alleges Murphy is employed as a Lieutenant Appeals Examiner in the CDCR's "Chief of Appeals Office" in Sacramento, California. (ECF No. 30 at 3). Plaintiff claims G. Wiley was "employed as a nurse" at Richard J. Donovan Correctional Facility ("RJD") "on or about 3-3-15." (*Id.* at 3, 6-7.)

Plaintiff's previous attempts at serving these two parties were unsuccessful. As to Defendant Murphy, the U.S. Marshal returned proof of service as unexecuted on May 18, 2017, with a notation that the litigation coordinator at RJD was "unable to confirm that there is now or ever has been a G. Murphy employed at [RJD]" and that she was therefore "not authorized to accept service of his/her behalf." (ECF No. 6). There is no proof of any unsuccessful or successful attempt by the U.S. Marshal as to G. Wiley, alleged to be a nurse practitioner at RJD, in the docket whatsoever.[1]

---

[1] The court may take judicial notice of its own records, however*, see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc*., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Here, the Court takes judicial notice of another prisoner civil rights case filed in the Southern District of California in which Defendant G. Wiley, a nurse practitioner employed at RJD in 2014-2015, was also named as a Defendant. *See Millare v. Gonzales, et al.,* S.D. Cal. Civil Case No. 3:16-cv-00487-MMA-NLS. Service upon G. Wiley was returned unexecuted by the U.S. Marshal in that case because Wiley is no longer employed at RJD, and no forwarding address was provided to either the prisoner-plaintiff, or to the U.S. Marshal, by the litigation coordinator at RJD. *See* ECF No. 53. Therefore, Judge Stormes directed the Deputy

Rule 4 of the Federal Rules of Civil Procedure provides that:
> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, serves the summons and the complaint. FED. R. CIV. P. 4(c)(3) (providing for service by a United States marshal or deputy marshal "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C § 1915."); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*, 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such

---

Attorney General in *Millare* to provide Wiley's forwarding address confidentially to the U.S. Marshal. *See* ECF No. 45. Service upon G. Wiley is still outstanding in that case; but Judge Stormes has issued and served a subpoena upon Wiley's contract employer at the time, Maxim Healthcare, in an effort to produce Wiley's forwarding address to the U.S. Marshal confidentially so the Marshal may carry out his statutory duties in a timely, efficient, and cost-effective fashion. *See id.,* ECF Nos. 71, 92.

service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge.").

The Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by FED. R. CIV. P. 4(m), extend time for service retroactively after the 120-day service period has expired).

Here, the Court finds Plaintiff has provided information "necessary to sufficiently identify" both Defendant G. Murphy, a Lieutenant Appeals Examiner in Sacramento, and G. Wiley, a nurse practitioner employed at RJD in March 2015. *Walker*, 14 F.3d at 1422. *See also* ECF Nos. 6, 30. Because it appears the only reason the U.S. Marshal was previously unable to effect service upon Murphy was due to his position in Sacramento, as opposed to RJD, and because service upon G. Wiley at RJD is also inappropriate because she is no longer employed there, *see Millare*, S.D. Cal. Civil Case No. 16-cv-00487-MMA-NLS, ECF Nos. 45, 53, 92, and *so long as the privacy of both Defendant Murphy and Wiley's forwarding addresses can be preserved*, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon them on his behalf. *See Puett*, 912 F.2d at 275.

The Court will therefore direct the Deputy Attorney General assigned to this case to contact the Litigation Coordinator at RJD, and to ask that she provide any and all forwarding addresses in his or her possession, or which are obtainable from the CDCR's personnel records, or in the possession of Management Solutions, the "point of contact" for several medical specialist registries, including Maxim Healthcare, G. Wiley's contract employer, *see Millare*, S.D. Cal. Civil Case No. 16-cv-00487-MMA-NLS (ECF Nos. 45, 53, 71, 92, and to forward those addresses to the U.S. Marshal in a *confidential*

///
///
///
///

5

*memorandum* indicating that the summons and Plaintiff's Amended Complaint (ECF No. 30) is to be served upon them at the addresses provided. Should RJD's Litigation Coordinator or the CDCR indicate to the Deputy Attorney General that they are not in possession of G. Wiley's forwarding address due to her contractual employment through Maxim Healthcare or another health care registry, the U.S. Marshal may effect service upon G. Wiley at whatever confidential forwarding address already provided for her in response to the subpoena issued and served upon Maxim Healthcare in *Millare*, S.D. Cal. Civil Case No. 16-cv-0487-MMA-NLS.[2]

## IV. Conclusion and Orders

Based on the foregoing, and finding good cause therefor, the Court:

1) **DENIES** Plaintiff's duplicative Motion for Leave to Amend (ECF No. 29) as moot due to the timely filing of his Amended Complaint (ECF No. 30);

2) **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Amended Complaint (ECF No. 30) upon Defendants G. Murphy and G. Wiley pursuant to Fed. R. Civ. P. 4(a), (b), and forward it, together with two blank U.S. Marshal Form 285s for Defendants Murphy and Wiley *to the U.S. Marshal*, together with two certified copies of Plaintiff's Amended Complaint (ECF No. 31), a copy of the April 5, 2017 Order Granting IFP and Directing U.S. Marshal Service (ECF No. 4), and a copy of the Court's August 7, 2017 Order Granting Plaintiff's Motion for Extension of Time (ECF No. 28).

3) **DIRECTS** the Deputy Attorney General assigned to this case to determine from the Litigation Coordinator at RJD, Management Solutions, and/or Maxim Healthcare, the forwarding addresses in their records for Defendants G. Murphy, a Lt.

---

[2] Pursuant to this confidential service Order, neither Defendant Murphy nor Defendant Wiley's addresses shall appear on any U.S. Marshal Form 285, be made accessible to Plaintiff under any circumstances, or be made part of the Court's record. While a "state prison official may be justifiably reluctant to provide employee addresses to a prisoner ... due to security concerns, it can hardly claim the same reluctance in providing the information to a federal law enforcement agency." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

Appeals Examiner, and G. Wiley, a nurse practitioner employed at RJD in March 2015, and to provide those addressed to the U.S. Marshal in a *confidential memorandum* indicating that the summons and Plaintiff's Amended Complaint (ECF No. 30) are to be served upon them at those addresses, as soon as possible;

    4)    **DIRECTS** the U.S. Marshal, pursuant to FED. R. CIV. P. 4(c)(3), (m) and 28 U.S.C. § 1915(d), to *within 30 days of receiving* Defendant Murphy and Wiley's confidential forwarding addresses, effect service of Plaintiff's Amended Complaint (ECF No. 30) and summons upon Defendants Murphy and Wiley. All costs of service will be advanced by the United States pursuant to the Court's April 5, 2017 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3) (ECF No. 4), and its August 7, 2017 Order granting Plaintiff's Motion for Extension of Time to serve Defendants Murphy and Wiley pursuant to FED. R. CIV. P. 4(m) (ECF No. 28). The U.S. Marshal shall return proof of that service, and/or any attempts of unsuccessful service as to Murphy and Wiley within 30 days of receipt of Murphy and Wiley's addresses, *but shall not include the confidential forwarding addresses on the U.S. Marshal Form 285s to be filed in the Court's docket*; and

    5)    **GRANTS** Defendants Covel, Frost, Lopez, Paramo, Salinas, Sanchez, Stratton, Williams, and Zamora's Ex Parte Application for Extension of Time to File a Responsive Pleading to Plaintiff's Amended Complaint (ECF No. 33). Defendants must file their response within 30 days after the U.S. Marshal files a proof of service as to both Defendants Murphy and Wiley, but in no event later than *Friday, November 3, 2017*.

    **IT IS SO ORDERED**.

Dated: September 7, 2017

                                          Hon. Barry Ted Moskowitz, Chief Judge
                                          United States District Court